DAVID A. YUDELSON (SBN 325316)
dyudelson@constangy.com
**CONSTANGY BROOKS,
SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel: (310) 909-7775

Attorneys for Defendant
WALMART INC.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARLA PATTEN, an individual, | CASE NO: |
| Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT WALMART INC.** |
| vs. | |
| WALMART, INC., a Delaware corporation; and DOES 1 through 20, inclusive, | Complaint Filed: February 17, 2023
Date of Removal: |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF KARLA PATTEN:**

**PLEASE TAKE NOTICE** that Defendant Walmart Inc. (incorrectly stylized Walmart, Inc.) ("Walmart") hereby removes the above-entitled action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Removal is based upon the following:

**GROUNDS FOR REMOVAL**

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**I.   PROCEDURAL AND VENUE MATTERS**

1. On February 17, 2023, Karla Patten initiated this action by filing a Complaint in the Superior Court of California, County of Alameda, entitled "Karla Patten *v.* Walmart, Inc.," Case No. 23CV028120 ("State Court Action"). Declaration of David A. Yudelson (Yudelson Decl.), Ex. A.

2. On February 24, 2023, Ms. Patten served Walmart, by delivering to its agent for service of process, a copy of the Complaint and Summons previously filed in the State Court Action. Yudelson Decl. ¶¶ 2–3.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed less than one year from the commencement of this action and within 30 days after any defendant was served with a copy of the Complaint and corresponding summons.

4.      Pursuant to 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Walmart and/or filed in this action, is attached to the Yudelson Decl. as Exs. A–G.

5.      Pursuant to 28 U.S.C. § 1446(d), the foregoing exhibits constitute all process, pleadings and orders served on or received by Walmart and/or filed in this action.

6.      Alameda County, California, is located within the U.S. District Court for the Northern District of California. Venue is proper in this Court because the Northern District of California is "the district and division embracing the place where such action is pending." 28 U.S.C. §§ 1441(a) and 1446(a).

7.      Walmart will, pursuant to 28 U.S.C. § 1441(d), promptly provide written notice of the Notice of Removal's filing to the Clerk of the Alameda County Superior Court and Ms. Patten.

## II.    NATURE OF THE SUIT

8.      The Complaint filed in the State Court Action alleges the following causes of action: (1) discrimination based on race and gender, (2) harassment based on race, color, and gender, (3) retaliation in violation of Government Code §12940, et seq., (4) failure to prevent discrimination, harassment and retaliation in violation of Government Code §12940(k), and (5) Constructive discharge in violation of public policy.

## III.   DIVERSITY JURISDICTION

9.      A federal court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332(a).

10.     "[A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).

11.     Therefore, a state court action may be removed if the action (1) is

between citizens of different states, and (2) the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. Each of these two requirements is met within the instant petition.

12. **Plausible allegations.** A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014). *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d 1059, 1068 (9th Cir. 2021); *Arias v. Residence Inn by Marriott*, 936 F. 3d 920, 922 (9th Cir. 2019). *See also Carolina Cas. Co. v. Team Equipment Inc.*, 741 F. 3d 1082, 1087–88 (9th Cir. 2014). As noted in *Dart Cherokee*: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.'" *Id.* (quoting House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R. Rep. No. 112-10, p. 16 (2011)).

A. **Requirement No. 1: Ms. Patten is a Citizen of a Different State than Walmart.**

13. Diversity of citizenship exists here. The Ninth Circuit has stated that the determination of an individual party's domicile may involve an evaluation of several factors, with no single factor controlling, including but not limited to:

> current residence, voting registration and practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration and payment of taxes.

*Lew v. Moss*, 797 F. 2d 747, 750 (9th Cir. 1986).

14.  The presence of these factors will support a conclusion of physical presence at a location with an intention to remain there indefinitely. *Lew v. Moss*, 797 F. 2d at 749–50. Each factor is not required to be present in a particular case to demonstrate domicile. *See, e.g.*, *Lew*, 797 F. 2d at 752. In *Lew*, for example, the presence of several of these factors conclusively established a party's domicile. *Id*.

15.  **Ms. Patten is a California Domiciliary.** The place where a person lives is properly taken to be her domicile until facts adduced establish the contrary. *See Dist. of Columbia v. Murphy*, 314 U.S. 441, 455(1941). "Domicile," according to the California Elections Code, is defined as the place where a voter resides, where her habitation is fixed, and where he intends to remain and return to whenever he is absent from it. Elections Code §§ 321, 349, 2020–24. Just as in *Lew v. Moss*, 797 F. 2d at 750, the facts presented here demonstrate that Ms. Patten is domiciled within California.

16.  **Ms. Patten provided a California address to Walmart as her home address.** Ms. Patten provided Walmart with a home (primary) address of 6466 Hollis St., #233, Emeryville, CA 94608. Certification of Katherine May ("May Cert.") ¶ 6. For her part, Ms. Patten has alleged that she is a resident of Alameda County, CA. Compl. ¶ 1.

17.  **Walmart continuously employed Ms. Patten in California.** Walmart's employment records, maintained in the ordinary course of business disclose that Walmart continuously employed Ms. Patten in the State of California from October 2016 through August 2021. Most recently, Ms. Patten worked as a Senior Manager, Marketing - WEC at the Walmart Ecommerce Corporate office located at 850 Cherry Ave, San Bruno, CA 94066. May Cert. ¶ 7.

18.  **Ms. Patten paid payroll taxes in California.** By law employees pay a number of taxes and contributions through payroll deductions. These include, but are not limited to: Federal Income Tax, FICA, State Disability ("SDI") and Personal

Income Tax ("PIT"). *See https://edd.ca.gov/siteassets/files/pdf_pub_ctr/de920.pdf.* Consistent with its regular payroll practices and on information and belief, on each pay period during her tenure at its Walmart Ecommerce Corporate office in San Bruno, CA, Walmart deducted California payroll taxes consistent with Ms. Patten's elections on her "California Employment Development Department ("EDD"), Employee Withholding Allowance Certificate," California EDD Form DE 4.

19. Summarizing, Ms. Patten is a California domiciliary. She affirmed to her employer that she has a physical address in California. She was continuously employed in California. She maintains a bank account in California. She paid payroll taxes in California. As demonstrated herein these several facts evidence that Ms. Patten is a California citizen for diversity jurisdiction purposes. *See Lok Lau v. Silva*, No. CIVS042351WBSPANPS, 2005 WL 8176598, at *2 (E.D. Cal. Aug. 31, 2005) ("Domicile and citizenship are synonymous for diversity purposes").

20. **Walmart is not a citizen of the State of California.** "[A] corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

21. For its part, Walmart is incorporated in the State of Delaware. Yudelson Decl., ¶ 5, Ex. I. Walmart's headquarters and principal place of business are in the State of Arkansas. *Id.*

22. Accordingly, as a corporation Walmart, based on its filings with the California Secretary of State, is a citizen of the following states: Delaware and Arkansas. For purposes of diversity jurisdiction, Walmart is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

23. Because Ms. Patten is a citizen of California and Defendant is a citizen of Delaware and Arkansas, complete diversity exists between the parties.

### C. Requirement No. 2: The Amount in Controversy Exceeds $75,000.

24. While Walmart denies any liability to Ms. Patten whatsoever, Walmart asserts, based on plausible allegations in the Complaint, Ms. Patten's prayer for relief, and calculations predicated on readily available evidence, the amount in controversy at issue here exceeds $75,000. *See, e.g.*, *Academy of Country Music v. Continental Casualty Company*, 991 F.3d at 1068. As conservatively estimated, and as alleged by Ms. Patten, those potential damages exceed $300,0000.

25. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the Plaintiff's on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "When a '[d]efendant's calculations (are) relatively conservative, made in good faith, and based on evidence whenever possible,' the court may find that the '[d]efendant has established by a preponderance of the evidence that the amount in controversy is met.'" *Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, *7 (E.D. Cal. Feb. 19, 2014) (quoting *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citations omitted)). Nor does a Defendant need to provide summary judgment-type evidence. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. at 88; *Academy of Country Music v. Continental Casualty Company*, 991 F. 3d at 1068; *Cagle*, 2014 WL 651923, at *7.

26. In *Kroske v. U.S. Bank Corp.*, 432 F. 3d 976 (9th Cir. 2005), the court determined that a plaintiff's specific categories of recoverable damages adequately supported the basis for the amount in controversy. *Kroske*, 432 F. 3d at 980. There, the *Kroske* plaintiff claimed an unspecified amount of damages spread over various categories namely: "lost wages, benefits including but not limited to health and mental insurance, 401(k) contributions, value of life insurance policies, stock options, and emotional distress damages, as well as attorney's fees and costs." *Id*.

27. **Economic Damages.** Ms. Patten's Complaint seeks recovery for "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." Compl. ¶¶ 87.

28. ***Back Pay/Loss of Past Earnings***. Ms. Patten resigned from her position on August 3, 2021. Compl. ¶ 81. At the time of her resignation, Ms. Patten earned an annual salary of $168,100.14, paid in bi-weekly amounts of $6,465.39. May Cert. ¶ 8.

29. The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages. *Fritsch v. Swift Transportation*, 899 F. 3d 785, 791 (9th Cir. 2018). At $6,465.39 per pay period, from the date of separation to the time of removal (approximately 42 pay periods), the estimated amount of back pay is **$271,546.38**.[1] Therefore, Ms. Patten's potential back pay claim alone exceeds the jurisdictional requirement.

30. ***Lost Benefits***. As taught by the *Koske* court, economic damages also include the value of lost benefits. *See Kroske*, 432 F. 3d at 980. At this stage of the case, while a calculation of the value of benefits is not currently ascertainable, in addition to offering competitive pay, eligible associates may receive access to healthcare insurance plans, a six (6%) percent 401(k) match, including hourly employees, after one-year's tenure, access to an associate stock purchase plan, participation in a Roth IRA plan, and a ten (10%) percent purchase discount on regularly priced general merchandise, which includes fresh fruits and vegetables. *See* https://corporate.walmart.com/about/working-at-walmart.

---

[1] Ms. Patten also seeks to recover future wages – as such, her future wages should also be considered by the Court in calculating the amount in controversy. *Huck v. Kone, Inc.*, No. C 10-1845 RS, 2011 WL 31108 at *4 (N.D. Cal. Jan. 5, 2011) (the plaintiff ... could potentially recover 13 years of lost wages); *see also James v. Childtime Childcare, Inc.*, 2007 U.S. Dist. LEXIS 43753, *4, n.1 (E.D. Cal. June 1, 2007). Although Walmart denies such relief would be appropriate, even one year of front pay would equal an additional $168,100.14.

31. **_Emotional Distress_**. Ms. Patten also alleges emotional distress damages. Compl. ¶¶ 86, 88, 110, 137 and at Prayer for Relief ¶¶ 1. "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases." *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012). Juries have awarded $50,000 to $55,000 in emotional distress damages in other single employee actions presenting claims for discrimination, harassment, retaliation, and failure to prevent discrimination and/or retaliation. *See Guzman v. NBA Automotive, Inc. d/b/a Hooman Chevrolet of Culver City*, JVR No. 1909300049, 2019 WL 4745076 (Cal. Super.) (awarding $50,000 in compensatory pain and suffering to employee who was terminated after returning to work from a leave of absence and being unable to return full time due to her medical conditions); *Escoto v. Metric Machining*, JVR No. 1407300036, 2013 WL 9554716 (Cal. Super.) (awarding $55,000 in compensatory pain and suffering to employee who was terminated after advising employer of her fibromyalgia and hypertension diagnoses); *Saldana v. Home View Design*, *Inc.*, JVR No. 810272, 2008 WL 7602715 (Cal. Super.) (awarding $55,000 in pain and suffering to former warehouse worker who was denied accommodations related to lower back injuries and terminated after making complaints of discrimination).

32. **Attorneys' Fees.** Ms. Patten is also seeking to recover her attorneys' fees and costs. Compl., at Prayer for Relief, ¶ 4. It is well-settled that when authorized by statute, attorneys' fees, including future attorneys' fees at stake in the litigation through its conclusion, are to be included in the calculation of the amount in controversy for purposes of determining whether the requisite jurisdictional minimum is met. *Fritsch v. Swift Transportation*, 889 F. 3d at 794 ("if the law entitles the plaintiff to future attorneys' fees if the action succeeds, 'then there is no question that future [attorneys' fees] are 'at stake' in the litigation," and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy"). *See also Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("[W]here

an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by the plaintiff if he were to prevail).

33. While Ms. Patten's attorneys' fees cannot be precisely calculated from the face of the Complaint, it is reasonable to assume that the attorneys' fees Ms. Patten could incur in this matter may exceed a damages award. *Simmons v. PCR Technology*, 209 F. Supp.2d 1029, 1035 (C.D. Cal. 2002). Other trial court decisions reveal estimates for the number of hours expended through trial for single-plaintiff employment cases have ranged from 100 to 300 hours. *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). As such, 100 hours is an appropriate and conservative estimate. *Id*.

34. Moreover, federal courts in California have held that a reasonable rate for employment cases is $300 per hour. *E.g.*, *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *12 (C.D. Cal. March 3, 2015) (citations omitted). Taking the conservative estimate of 300 hours, the total amount of fees (at an hourly rate of $300) is approximately, and, at a minimum without even going to trial, $90,000.

35. **Punitive Damages.** Ms. Patten also seeks to recover punitive damages. Compl. ¶¶ 89, 98, 114, 126, 135, 158 and Prayer for Relief ¶ 3.

36. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 43 F. Supp. 2d at 1009. California law does not provide any specific monetary limit on punitive damages under Civil Code § 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). A punitive damages

9

DEFENDANT' NOTICE OF REMOVAL
9228134v2

award may equal as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003); *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029 (N.D. Cal. 2002) (citing jury verdicts in which the punitive damages awards ranged from $60,000 to $121,000,000).

37.   Walmart denies that Ms. Patten's claims have any merit. Walmart also denies that Ms. Patten suffered any damages. However, when the relief sought (*i.e.*, back pay, front pay, emotional distress, attorneys' fees, and punitive damages) is taken as a whole, the amount in controversy for Ms. Patten's claims exceeds the $75,000 jurisdiction requirement, exclusive of interest and costs. Indeed, Ms. Patten's estimated backpay as of the date of removal (**$271,546.38**) alone exceeds the $75,000.00 jurisdictional requirement.

38.   Ms. Patten also seeks open-ended relief as "other relief that is just and proper." Compl., at Prayer for Relief, ¶ 6. Although uncertain in amount, this additional damage claim only serves to increase the amount in controversy. *See Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932–34 (W.D. Tenn. 2004) (the "open ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though he pled in the complaint that she did not assert a claim in excess of $75,000).

39.   **Damage Awards in Other Discrimination Claims.** Additionally, as the Ninth Circuit has instructed, in determining the amount in controversy, a court may also consider damage awards in cases with similar claims. *Kroske*, 432 F. 3d at 980 (district court properly considered jury verdicts in other age discrimination cases in determining that the jurisdictional minimum was satisfied); *Rivera v. Costco Wholesale Corp.*, No. C08-022022CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008) (considering jury verdicts in other cases to establish amount of emotional distress damages in controversy); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (considering jury verdicts in analogous cases to establish

amount of punitive damages at issue).

40. The following verdicts in other single employee actions presenting claims for discrimination and harassment based on disability, retaliation, and failure to prevent discrimination and/or retaliation. The result from each is further indicative that this action similarly satisfies the amount-in-controversy requirement. These verdicts are from recent cases, including, but not limited to, *Guzman*, *supra* 2019 WL 4745076 (awarding verdict of $256,892); *Escoto*, *supra*, 2013 WL 9554716 (awarding verdict of $142,000). *See* Yudelson Decl., Exs. J–L.

41. **Requirement 2 - Amount in Controversy - Satisfied**. At minimum, as of the time of removal (which is not even the end-date for calculating the amount in controversy), more than $75,000 is at issue. Walmart conservatively estimates the amount in controversy to be at least $271,546.38 in economic, $50,000 emotional distress damages, and $90,000 in attorneys' fees, for a potential damage claim well in excess of $75,000 when the value of a potential punitive damages award, court costs, front pay, and lost benefits sought by Ms. Patten are factored into the equation. *See* Compl., at Prayer for Relief. Thus, both requirements of removal are satisfied by plausible allegations. For these many reasons, this Court has original jurisdiction over the claims asserted by Ms. Patten in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## VI. CONCLUSION

Walmart has indeed demonstrated substantial, objective facts in pleading admissions, publicly available information sources and those of its own records to support the conclusion that diversity jurisdiction exists here. The State Court Action is a case where the amount in controversy exceeds the statutory jurisdictional minimum amount where the amount in controversy is conservatively estimated that if successful, could be in excess of $300,000.00. The State Court Action is also a case involving diverse citizens of different states, namely California and Delaware.

WHEREFORE, Walmart prays that the Court remove this civil action to the United States District Court for the Northern District of California.

DATED:  March 27, 2023

**CONSTANGY BROOKS,
SMITH & PROPHETE, LLP**

*/s/ David A. Yudelson*
David A. Yudelson
*Attorneys for Defendant*
WALMART INC.